**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SIGFREDO SANTANA, *individually and on behalf of a class of similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>MASS GENERAL BRIGHAM, INC.,<br><br>Defendant. | **COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED<br><br>No. _____ |

Plaintiff Sigfredo Santana, on behalf of himself and all others similarly situated, by and through counsel, against Defendant Mass General Brigham, Inc., states and alleges the following:

## INTRODUCTION

1. The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA requires Defendant Mass General Brigham, Inc. (hereinafter also referred to as "MGB" or "Defendant") to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Moreover, the Massachusetts Wage Act requires, *inter alia*, payment of all wages due to non-exempt employees in a timely manner without unauthorized deductions. *See generally* M.G.L. c. 149, §§ 148-150. Plaintiff brings this

case on his own behalf and on behalf of those similarly situated, both under federal and

Massachusetts law, to redress Defendant's violations of these laws, and/or similar laws in effect

in other states in which Defendant operated, as is more fully set forth herein.

2.      This action seeks to recover unpaid compensation and overtime compensation, as

well as liquidated damages, penalties, interest, reasonable attorneys' fees, costs; declaratory and

injunctive relief, and any other appropriate relief, under the FLSA on behalf of Plaintiff and

similarly situated current and former employees employed by against Defendant MGB and who

elect to opt into this action pursuant to 29 U.S.C. §216(b) (the "FLSA Collective" as hereinafter

more fully defined).

3.      This action also seeks to recover on behalf of Plaintiff and similarly situated

current and former employees employed by Defendant in Massachusetts (the "State Law Class"

as hereinafter more fully defined), pursuant to Fed. R. Civ. P. 23: (i) unpaid overtime wages for

hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated

damages (trebled), penalties, any other damages incurred, interest, reimbursement of attorney's

fees and costs, and all other available relief under the applicable statutes pursuant to

Massachusetts law, including state common law unjust enrichment and quantum meruit, and/or

under similar laws in effect in other states on behalf of all other hourly, non-exempt employees

who worked for Defendant in those other states during the applicable period relevant to those

other state laws.[1]

4.      Plaintiff, on his own behalf and on behalf of the FLSA Collective and the State

Law Class, seeks compensatory, statutory, exemplary, and punitive damages, declarative and

---

[1] Such laws, as it may be determined, include, but are not limited to, the New Hampshire Minimum Wage Law, RSA § 279:21(VIII) for failure to pay overtime and/or RSA § 275:44 for failure to pay wages due upon separation of employment.

injunctive relief, as well as attorneys' fees, costs, and such other relief as the Court may deem just and appropriate.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.     This Court has jurisdiction over the Plaintiff's Massachusetts Law claims, and state law claims under similar laws in effect in other states, pursuant to 29 U.S.C. § 1367.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant has its principal place of business and resides in this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.     Plaintiff Sigfredo Santana is an individual and a resident of the State of Massachusetts. Plaintiff Santana has completed an "Opt-In Consent Form" which is filed as Exhibit A to this Complaint and is incorporated by reference herein.

10.     Plaintiff Sigfredo Santana has filed a wage complaint with the Massachusetts Attorney General's Office.

11.     Defendant MGB is "an integrated academic health care system founded by Massachusetts General Hospital and Brigham and Women's Hospital…. It consists of 16 institutions that include world-renowned medical centers, top-ranked specialty hospitals, and one of the United States' best and largest rehabilitation systems" and has "80,000 employees."[2] MGB

---

[2] https://www.massgeneralbrigham.org/en/medical-professionals/global-advisory

describes itself as the "largest private employer in Massachusetts."[3]  MGB's administrative headquarters are located at 800 Boylston Street, 11th Floor, Boston, MA 02199.

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

12.    Defendant MGB is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d), Massachusetts Law, including and unjust enrichment and quantum meruit, and under similar laws in effect in other states.

13.    Defendant MGB utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purposes.

14.    At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15.    At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16.    Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.[4]

17.    Defendant has been an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant has exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

---

[3] https://www.massgeneralbrigham.org/en/about/newsroom/press-releases/mass-general-brigham-and-umass-online-form-alliance-help-transform-higher

[4] https://www.mghihp.edu/sites/default/files/2024-12/mgb_report_consolidated_audited_financial_statements_2024.pdf

**Plaintiff's, the FLSA Collective Members' and State Law Class Members'**
**Non-Exempt Employment Status with Defendant**

18.     Plaintiff Santana was employed by Defendant as a full-time respiratory therapist at MGB's Brigham and Women's Hospital in Boston, MA from May 2022 to March 2025. His position was non-exempt and hourly-paid his entire tenure. Plaintiff Santana would clock in and clock out on a daily basis. As a result of MGB's policies, Mr. Santana routinely clocked in up to 7 minutes prior to the start of his scheduled shift.

19.     Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as nonexempt employees.

20.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e) and Massachusetts Law and under similar laws in effect in other states.

21.      At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207 and Massachusetts Law and under similar laws in effect in other states.

**Defendant's Failure to Pay Wages as a Result of**
**Defendant's Rounding Policy**

22.     Although Defendant suffered and permitted Plaintiff and members of the FLSA Collective and the State Law Class to work non-overtime hours, and overtime hours over forty (40) hours per workweek, Defendant failed to pay Plaintiff and members of the FLSA Collective and the State Law Class overtime at a rate of one and one-half times the regular rate of pay for all hours worked over forty (40) in a workweek, as well as non-overtime wages for all non-overtime hours worked, because of Defendant's time editing and/or rounding practices and

policies. As a result, Plaintiff and the members of the FLSA Collective and the State Law Class were willfully not properly paid overtime compensation for their overtime hours worked as required by the FLSA, 29 U.S.C. § 207, and overtime and non-overtime hours promptly as required Massachusetts law under similar laws in effect in other states, including unjust enrichment and quantum meruit.

23.     Specifically, Defendant has a time rounding policy in which employee work time tracked in Defendant's timekeeping system is automatically "rounded" to the nearest quarter of an hour and to the employee's detriment – *i.e.*, at the beginning of a shift, if an employee punches in and starts working between 8:53 a.m. and 8:59 a.m., the time worked is rounded to 9:00 a.m. Likewise, at the end of a shift, time punches up to seven minutes after shift end are rounded back down to the nearest quarter of an hour and to the employee's detriment – *i.e.*, if an employee scheduled to end at 3:00 p.m. actually works to and punches out between 3:01 p.m. and 3:07 p.m., the employee's time worked is rounded down to 3:00 p.m. This is all despite Defendant's timekeeping and payroll system's intrinsic and actual ability to track and pay all time worked by their employees. But this time rounding instead potentially deducts up to 14 minutes of paid time from each of Defendant's thousands of nonexempt employees daily.

24.     With this rounding policy in place, Defendant also instructs employees not to clock in more than seven (7) minutes early, because, if the employee does so, that time would then be rounded in the employee's favor, triggering overtime (which Defendant would label as unauthorized overtime or a variety of "wage theft" and which would trigger discipline). Similarly, employees are instructed not to clock out more than seven (7) minutes after their shift has ended, as this would also cause the time to be rounded in the employee's favor, triggering

6

overtime (also, again, deemed by Defendant to be "wage theft" and which leads to disciplinary penalties).

25.     And finally, in further enforcement of their unlawful scheme, Defendant has a strict lateness policy, and hourly employees are told that they will be penalized if they arrive to their work stations more than a minute late, with accumulated lateness leading to various disciplinary penalties.

26.     As a consequence of Defendant's time-rounding policies and lateness policies, prior to the scheduled starts of their shifts, Plaintiff and the members of the FLSA Collective and the State Law Class routinely clock in and begin performing the principal activities of their jobs, but Defendant generally does not pay them for all of their time worked. Likewise, Plaintiff Santana and the members of the FLSA Collective and the State Law Class regularly worked, stopped working, and clocked out at the end of their workdays, but Defendant generally did not pay them for all of their time worked. Instead, Defendant paid them based on post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include all the compensable work required by, performed for, and to the benefit of Defendant. Defendant willfully and intentionally manipulated both the beginning and end of shift time records of Plaintiff and the members of the FLSA Collective and the State Law Class to reflect less time worked when Defendant submitted these employees' records to payroll, resulting in less time paid than time worked.

27.     The manner in which Defendant MGB set up its time-keeping system was done and continues to be done in a such way as to inherently penalize employees. MGB only pays workers from the scheduled start of their shift until the scheduled end time of their shifts, regardless of the

fact that workers have been clocking in and working for many minutes prior to, and after, those shift start and end times.

28.     Defendant's rounding/editing and time manipulation policies have violated and continue to violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b).

29.     Defendant's policies transform its rounding system into one that is substantially rigged in Defendant's favor. As a result, Plaintiff Santana and other members of the FLSA Collective and State Law Class have not been able to benefit from Defendant's rounding system; instead, the rounding system has resulted in, over a period of time, the failure to pay Plaintiff Santana and other members of the FLSA Collective and State Law Class for all hours worked, in violation of the FLSA, 29 C.F.R. § 785.48(b), and Massachusetts law (and similar laws in effect in other states).

30.     With regard to Plaintiff Santana, Defendant's policies as described above have had exactly their intended impact: in order to avoid any potential lateness penalties, Plaintiff Santana routinely arrived to work and clocked in up to seven minutes earlier than the scheduled start of his shifts. And significantly, once clocked in, Plaintiff Santana would begin working. He would not go to the kitchen or the breakroom. He would not chat with friends. He would not check his phone. Instead, once Plaintiff Santana was checked in, he was immediately engaged with the duties and responsibilities of his work on behalf of Defendant.

31.     In sum, these rounding policies and practices, and how they inure to Defendant's benefit, are the result of Defendant intentionally, knowingly, and willfully deducting time

worked to reduce labor costs notwithstanding how Defendant's editing and/or rounding time manipulation policies violate Department of Labor regulations which require both that employees' time be rounded "to the nearest 5 minutes, or to the nearest one-tenth or quarter of an hour" and that the method "will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked." 29 C.F.R. § 785.48(b). The result of the Defendant's manipulated rounded system is that, in fact, Defendant has failed to pay Plaintiff Santana and the members of the FLSA Collective and the State Law Class for all hours worked, is in violation of the FLSA, 29 C.F.R. § 785.48(b), and the timely payment requirements of Massachusetts Law (and similar laws in effect in other states).

32.    Defendant's time rounding and/or editing policy, and time manipulation practices in conformity with this policy, are not neutral, facially or otherwise.

33.    Defendant's pay practices were and are the result of systematic and company-wide policies originating at the corporate level. Defendant's policies with respect to time editing and time rounding resulted from knowing or reckless executive decisions. Pursuant to the FLSA, 29 C.F.R. § 785.13, Defendant "cannot sit back and accept the benefits [of additional work completed by Plaintiff Santana and other members of the FLSA Collective and the State Law Class] without compensating for them. … Management has the power to ….[and] must make every effort to" ensure all work completed before, and after, shifts was paid in accordance with the FLSA and state law. *See id.*

34.    Defendant, through its supervisors and managers, knew that Plaintiff Santana, and the members of the FLSA Collective and the State Law Class, were working during time for which they were not paid, as a result of Defendant's time-keeping, time recordation, and subsequent time rounding and editing, and thus Defendant's actions were deliberate and willful

within the meaning of the FLSA, and Defendant lacked a good faith basis for its actions. Defendant knew about the overtime compensation requirements of the FLSA or acted in reckless disregard as to Defendant's obligations under the FLSA.

35.     The deducted time worked was compensable as overtime or straight time hours worked as the work was required by Defendant; the work was performed for Defendant's benefit and constituted part of employees' principal activities; and the work was a necessary, integral, and indispensable part of their principal activities. However, it was not fully paid on a straight time regular rate basis (during non-overtime weeks), nor was overtime for it paid at the rate of one and one-half times the regular rate for the hours worked in excess of forty (40) (during overtime weeks), as required by the FLSA. Although Plaintiff Santana, and the members of the FLSA Collective and the State Law Class, have performed their actual, principal job duties when they clock in at the beginning of the workday, and until they clock out at the end of the workday, Defendant does not pay this time worked. Had Defendant implemented rounding policies in compliance with the FLSA and Department of Labor regulations, Plaintiff Sanatana, and the members of the FLSA Collective and the State Law Class, would have been compensated for additional overtime and non-overtime hours for which they were not paid.

**Defendant's Record Keeping Violations**

36.     The FLSA and Massachusetts law require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; M.G.L. c. 151 §15.

37.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week in which the workweek begins, regular hourly rate of pay for any week in which

10

overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

38.     Massachusetts law also provides that every employer shall "keep a true and accurate record of the name, address and occupation of each employee, of the amount paid each pay period to each employee, of the hours worked each day and each week by each employee." M.G.L. c. 151 §15.

39.     Defendant kept records of hours worked by Plaintiff and members of the FLSA Collective and State Law Class. However, at the time that the hours worked by Plaintiff and members of the FLSA Collective and State Law Class were transmitted to payroll for compensation purposes, Defendant willfully and intentionally transmitted post-edited, rounded, modified, and inaccurate and/or incomplete records which do not include pre- and post-shift and/or break time compensable work required by, performed for, and to the benefit of Defendant which had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and members of the FLSA Collective and State Law Class. Thus, Defendant willfully and intentionally did not properly record and pay all hours worked in violation of the FLSA and violated the FLSA and Massachusetts law record keeping requirements.

### The Willfulness of Defendant's Violations

40.     By denying Plaintiff and members of the FLSA Collective and State Law Class overtime compensation and/or the other pay to which they were entitled, as has been discussed above, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and

11

statutory provisions requiring the proper and prompt payment of overtime compensation under federal and state laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of federal and state law or acted in reckless disregard as to Defendant's obligations under these laws.

41.     Accordingly, Defendant's actions were deliberate and willful, meaning reckless, within the meaning of the FLSA. And notably, in contrast to the FLSA, the Massachusetts Wage Act imposes strict liability on employers – meaning that good faith is not an available defense to Defendant in any event in reply to Plaintiff's Massachusetts state law claims, and treble damages for violations are automatic.

42.     Defendant's failure to compensate Plaintiff Santana and other members of the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a willful violation of the FLSA, 29 U.S.C. § 207 and of M.G.L. c. 149, § 148.   Plaintiff and members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, treble damages of all unpaid compensation pursuant to M.G.L. c. 149, § 50, as well as all other statutory and other damages obtainable under the FLSA and Massachusetts Law (and similar laws in effect in other states).

## FLSA COLLECTIVE OVERTIME ALLEGATIONS
### (As to COUNT ONE)

43.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, as if fully rewritten herein.

44.     Plaintiff brings this case on behalf of a group of employees of Defendant (the "FLSA Collective") who assert claims under the overtime provisions of the FLSA in this case by filing consents to join this action from this group of individuals:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the period starting three years preceding the commencement of this action who worked overtime hours during one or more workweeks and who were not paid overtime compensation at one and one-half times the employees' regular rate of pay for all hours worked in excess of forty (40) hours per workweek by virtue of having their time edited and/or rounded.[5]**

45.     Such persons are "similarly situated" with respect to Defendant's FLSA violations, in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, all were subjected to Defendant's unlawful rounding/editing and time manipulation policies, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

46.     Plaintiff Santana and other members of the FLSA Collective are similarly situated because, among other reasons, they are owed a substantial number of overtime hours of working for Defendant and for Defendant's benefit for which they were not paid overtime compensation as a result of Defendant's time rounding and/or editing policies, and time manipulation practices in conformity with these policies, that lead to less time paid than time worked. Plaintiff Santana will prosecute this action vigorously on their behalf.

47.     Plaintiff Santana and other members of the FLSA Collective have been damaged by Defendant's willful refusal to pay at least the federal overtime wage for all overtime hours worked. As a result of Defendant's willful FLSA violations, Plaintiff Santana and other members

---

[5] Plaintiff reserves the right to amend and refine the definition of the FLSA Collective members on whom he seeks to have the Court serve notice based upon further investigation and discovery.

of the FLSA Collective are similarly situated in that each is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

48.     Plaintiff is entitled to send notice to all potential FLSA Collective members pursuant to Section 216(b) of the FLSA. Upon information and belief, the precise size and identity of the group of potential FLSA Collective members are readily ascertainable from the payroll records, timekeeping records, and/or employee and personnel records of Defendant that Defendant was required to maintain, pursuant to the FLSA. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that the group of potential FLSA Collective members consist of approximately one hundred or more persons.

### STATE LAW CLASS ACTION ALLEGATIONS
### (As to COUNT TWO)

49.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 41, as if fully rewritten herein.

50.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a group of employees of Defendant who assert claims under state law (referred to herein as the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, production-based, hourly, and salaried) employees of Defendant during the State Law Class Period who were not paid for all non-overtime and/or overtime hours worked by virtue of having their time rounded and/or edited.[6]**

51.     There are questions of law or fact common to the State Law Class, including but not limited to:

    (a) Whether Defendant denied Plaintiff and other members of the State Law Class earned and owed compensation where, among other things, these employees were not paid

---

[6] The "State Law Class Period" is the time period of three years prior to the filing of this action through the present as it relates to Plaintiff's claim under the Massachusetts Wage and Hour Act, and the time period of six years prior to the filing of this action through the present as it relates to Plaintiff's claim for unjust enrichment/quantum meruit.

wages for their overtime hours worked at the overtime rates required to be paid, as well as wages for their non-overtime hours worked but not paid under Massachusetts labor laws, or similar laws in effect in other states.

(b) What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's failure to pay all compensation, including overtime and non-overtime compensation, owed when the wages were required to be paid.

(c) Whether Plaintiff and other members of the State Law Class are entitled to declaratory and/or injunctive relief in order to rectify, both for the past and on a going forward basis, Defendant's violation of the provisions of Massachusetts' labor laws, or similar laws in effect in other states.

52.    Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other State Law Class members.

53.    The State Law Class, outlined above, is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that the State Law Class consists of at least many thousands of persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Massachusetts law, and/or similar laws in effect in other states.

54.    Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

55.    The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine

15

Defendant's liability to the State Law Class, listed above, are common to the State Law Class as a whole, and predominate over any questions affecting only individual class members.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)
### *On Behalf of Plaintiff Santana and the FLSA Collective*

57.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 48 as if fully rewritten herein.

58.     At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

59.     Defendant has engaged in a pattern and practice of violating the FLSA, as described in this Complaint.

60.     Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

61.     The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq.*, apply to Defendant.

62.     At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay full and required premium overtime compensation to Plaintiff and members of the FLSA Collective for hours worked in excess of forty (40) hours per workweek.

63.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the FLSA Collective members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

64.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the FLSA Collective members, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

65.     As a result of Defendant's policy and practice of rounding and editing time records in order to pay payroll at a rate less than what is owed its employees, Defendant knew or recklessly disregarded the fact that Plaintiff and the FLSA Collective members were entitled to proper overtime pay and acted with and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

66.     As a result of Defendant's  FLSA violations, Plaintiff, on behalf of himself and the FLSA Collective members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover

unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

67.     Defendant's violations of the FLSA have been willful within the meaning of that statute, and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT TWO**
**(Massachusetts Law: Unpaid Wages)**
*Brought on Behalf of Plaintiff Santana and the State Law Class*

68.     Plaintiff Santana, on behalf of herself and the State Law Class Members, re-alleges and incorporates by reference paragraphs 1-42 and 49-56.

69.     While employed by Defendant, Plaintiff Santana was covered by the Massachusetts Laws and was entitled to receive pay at his regular rate for the first 40 hours worked in a work week and overtime at a rate of one and one-half times his regular rate of pay for all hours over 40 in a workweek.

70.     Plaintiff Santana and members of the State Law Class have suffered economic loss as a result of Defendant's violation of the law and seek redress for these injuries under Massachusetts Laws.

**COUNT III**
**((Massachusetts State Law, and the Materially Similar laws in**
**Effect in Other States for Unjust Enrichment / Quantum Meruit)**
*Brought on Behalf of Plaintiff Santana and the State Law Class*

71.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1-42 and 49-56, as if fully rewritten herein.

72.     Plaintiff brings this claim on behalf of himself and the members of the State Law Class as a result of Defendant's suffering to permit him and the State Law Class members to work for its benefit and for not paying them wages for all the time that they worked due to the beginning and end of shift time deletion/editing/rounding, as set forth above.

18

73.     As hereinabove alleged, the terms of compensation established by Defendant promised employees they would be paid wages for the hours they worked at the promised hourly rate, and all of the work Plaintiff and other members of the State Law Class performed during their employments was performed under, and in return for, those terms of compensation. However, Plaintiff and other members of the State Law Class were not paid the hourly rates they agreed to be paid for all hourly work completed but were instead paid less than agreed as a result of Defendant's time editing, rounding, on-the-clock but time deducted, and other time deduction practices and/or policies.

74.     Defendant has been unjustly enriched at the expense of Plaintiff and other members of the State Law Class. Defendant was unjustly enriched by the retention of promised hourly wages that were earned and that rightfully belong to Plaintiff and other members of the State Law Class. Defendant was unjustly enriched in that it induced Plaintiff and other members of the State Law Class to perform work for the benefit of Defendant and retained the benefit of this work without having paid for the same.

75.     Allowing Defendant to retain the benefits provided by Plaintiff and other members of the State Law Class – free, unpaid labor – under the circumstances presented as outlined above, is demonstrably unjust. Defendant has retained the benefit of Plaintiff's and other members of the State Law Class's services without compensating them as promised, under circumstances in which it would be unjust and unconscionable to permit Defendant to do so.

76.     As a direct and proximate result of Defendant's unjust enrichment and quantum meruit described herein, Plaintiff and other members of the State Law Class have been damaged in an amount to be determined at trial, including but not limited to all time worked by Plaintiff and other members of the State Law Class but not paid by Defendant.

77.     Having injured Plaintiff and other members of the State Law Class, Defendant is liable to Plaintiff and other members of the State Law Class in the full amount of regular wages that remain unpaid, exemplary or punitive damages as applicable, pre- and post-judgment interest as applicable, costs and reasonable attorney's fees as may be allowed by the Court, an award of damages representing Defendant's employers' share of FICA, FUTA, state employment insurance, and any other required employment taxes, and such other and further relief as provided under law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and other members of the FLSA Collective and the State Law Class, as applicable, pray that this Honorable Court:

A.   Promptly order Defendant to provide all relevant policies and procedures regarding timekeeping and compensation, as well as all payroll, timekeeping, time rounding, time editing, and other relevant records, necessary to determine similarly situated individuals;

B.   Promptly order Defendant to provide all contact information, including but not limited to names, dates of employment, addresses, telephone numbers, and email addresses, of similarly situated individuals;

C.   Conditionally certify the putative FLSA Collective and provide Court-approved notice to similarly situated persons informing them of this action and their ability to opt in and become part of FLSA Collective and enabling them to opt in;

D.   Toll the statute of limitations for all members of the FLSA Collective, from the date that this matter was initially filed until the date on which they file consents to join;

E.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

F.   Enter judgment against Defendant, and in favor of Plaintiff, the FLSA Collective, and the members of the State Law Class, declaring that Defendant's activities, as

20

alleged herein, violate the FLSA and Massachusetts law and enjoining Defendant from continuing to violate the FLSA and Massachusetts law, as well as awarding the relief set forth immediately below;

G.    Award compensatory damages to Plaintiff and the members of the FLSA Collective pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount, in addition to penalty damages;

H.    Award Plaintiff and other members of the State Law Class all damages allowed by Massachusetts statutory and common law, and the materially similar laws in effect in other States;

I.    Designate Plaintiff as representative of the State Law Class, and counsel of record as Class Counsel for the State Law Class;

J.    Award Plaintiff, and members of the FLSA Collective and the State Law Class, prejudgment interest, post-judgment interest, costs, and attorneys' fees incurred in prosecuting this action, expert fees, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

K.    Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Hillary Schwab*
Hilary Schwab, BBO# 666029
**FAIR WORK, P.C.**
192 South Street, Suite 450
Boston, MA 02111
Telephone: (617) 607-3260

Seth R. Lesser*
Christopher M. Timmel*
Sarah Sears*
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

Joseph F. Scott *
Ryan A. Winters *

21

**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II *
**SCOTT & WINTERS LAW FIRM, LLC**
Telephone: (216) 912-2221
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFFS, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

* *PRO HAC VICE* TO BE FILED

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Hillary Schwab*
Hillary Schwab
